UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FRANCISCO FABIAN,

                Petitioner,                        MEMORANDUM & ORDER
                                                                     05 CV 0658 (NGG)

v.

WILLIAM PHILLIPS, Superintendent of
Green Haven Correctional Facility,

                Respondent.
----------------------------------------------------------X
GARAUFIS, United States District Judge.

       Petitioner Francisco Fabian ("Fabian" or "Petitioner") brings this habeas corpus petition pursuant to 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his federal constitutional rights, and seeking to overturn his September 14, 2000 conviction for Burglary in the First Degree (New York Penal Law ("Penal Law") § 140.30(2)), Burglary in the Second Degree (Penal Law § 140.25(2)), two counts of Robbery in the Second Degree (Penal Law § 160.10(1), (2)(b)), and three counts of Unlawful Imprisonment in the First Degree (Penal Law § 135.10)). For the reasons set forth below, the petition is DENIED.

**I. Background**

       At about 12:45 p.m. on March 5, 1999, Petitioner and an unapprehended accomplice pushed open the door of a residential apartment at 41-29 46th Street in Queens County. (Danielle L. Attias Declaration in Opposition to Writ of Habeas Corpus ("Attias Decl."), Ex. D.) Once inside, they ordered two people into a bedroom at gunpoint and bound them with duct tape. (Id.) They discovered a third person in the house, dragged her into the bedroom, and bound her as well. (Id.) They then struck one of the victims on the head with a hard object, and demanded to

1

know where his money was. (Id.) Two other occupants of the apartment, who had been hiding in another room, called the police and then jumped out of the apartment's second-story window in order to escape. (Id.)

Moments later, police officers arrived and found Petitioner hiding in the living room and the three victims bound on the floor of the bedroom. They recovered a loaded semi-automatic handgun near where Petitioner was found, and what appeared to be a handgun, but was in fact a cigarette lighter, in the bedroom. (Id.) Upon being arrested, Petitioner stated, "He owes me money." (Id.) One of the victims identified Petitioner at the scene as the man who had tied her up. (Id.)

On September 14, 2000, Petitioner was convicted by a jury of Burglary in the First and Second Degrees, two counts of Robbery in the Second Degree, and three counts of Unlawful Imprisonment in the First Degree. The jury acquitted Petitioner of Robbery in the First Degree and all weapons possession charges. Petitioner was sentenced to a prison term of twenty-five years for Burglary in the First Degree, fifteen years for Burglary in the Second Degree, fifteen years for each count of Robbery in the Second Degree, and from two to four years for each count of Unlawful Imprisonment in the First Degree, to be served concurrently.

On April 4, 2000, Petitioner moved to set aside the verdict pursuant to New York Criminal Procedure Law ("C.P.L.") Section 330.30, alleging that the verdict was "repugnant." He argued that because the jury acquitted him of weapons possession and first degree robbery, they must have found that he did not possess a loaded and operable gun. Because it is an affirmative offense to Burglary in the First Degree that the weapon displayed was not loaded or operable, Petitioner urged the court to find the verdict repugnant. On June 5, 2000, the trial court

2

denied the motion, finding that first degree burglary did not require proof that the weapon displayed was in fact a firearm, in contrast to the weapons possession counts. The court determined that none of the elements of the weapons possession counts were necessary elements of the burglary count. Therefore, it concluded that the verdict was not repugnant. Finally, the court noted that the defense had neither raised the affirmative defense to burglary during trial nor requested that the jury be charged on that issue.

Petitioner was appointed appellate counsel, who filed a brief on Petitioner's behalf alleging that: 1) his first-degree burglary conviction was against the weight of the evidence because of his robbery and weapons possession acquittals; 2) the acts which constituted the crimes of Unlawful Imprisonment in the First Degree, for which he was convicted, were inseparable from the underlying robbery and burglary counts, and should therefore have been vacated under the merger doctrine; and, 3) his sentence of twenty-five years is excessive. Petitioner filed a pro se brief arguing that: 1) the prosecutor suborned perjury when two witnesses gave false testimony; and, 2) he was denied effective assistance of counsel because his attorney failed to request an affirmative defense charge.

In a decision dated June 3, 2003, the Appellate Division, Second Department, unanimously affirmed petitioner's conviction, holding that the verdict was not against the weight of the evidence and summarily dismissing Petitioner's remaining claims. People v. Fabian, 760 N.Y.S.2d 871 (2d Dept. 2003). Additionally, the court specifically reviewed the evidence for sufficiency, finding that the evidence was "legally sufficient to establish the [Petitioner's] guilt beyond a reasonable doubt." Id. Petitioner sought leave to appeal to the Court of Appeals, which was denied on September 25, 2003. People v. Fabian, 100 N.Y.2d 620 (2003).

3

On May 13, 2004, Petitioner moved the Appellate Division, Second Department, pro se for a writ of error coram nobis, on the ground that his appellate counsel failed to raise the issue of evidence sufficiency. Appellate counsel filed an affirmation in which she explained that "[b]ecause trial counsel did not ask for the affirmative defense to first degree burglary, and did not move to dismiss on those grounds, I chose to raise a weight of the evidence claim, rather than a legal insufficiency claim. I also asked that [the Second Department] reach the issue in the interest of justice." (Attias Decl. at Ex. L ¶ 9.) The Appellate Division denied Petitioner's application, holding that Petitioner had "failed to establish that he was denied the effective assistance of counsel." People v. Fabian, 781 N.Y.S.2d 918 (2d Dept. 2004). Petitioner sought leave to appeal this decision to the Court of Appeals, which was denied on October 19, 2004. People v. Fabian, 3 N.Y.3d 756 (2004).

In pro se papers dated January 27, 2005, Petitioner filed the instant petition for a writ of habeas corpus, alleging that: 1) his conviction of first degree burglary was against the weight of the evidence; 2) his conviction for Unlawful Imprisonment must be vacated under the merger doctrine; and, 3) his sentence is excessive. On July 20, 2005, the Government filed its opposition, and Petitioner filed a response on August 29, 2005 arguing that he was denied effective assistance of appellate counsel.

## II. Discussion

New York Court of Appeals denied petitioner leave to appeal on September 25, 2003, and Petitioner's conviction became final ninety days later, on December 24, 2003, the date on which his time to seek a writ of certiorari to the United States Supreme Court had expired. Under 28 U.S.C. § 2244(d)(1)(A), Petitioner had one year from that date in which to file the instant habeas

4

application. The statute was limitations ran until tolled by Petitioner's coram nobis application, which was pending from May 13, 2004 until November 30, 2004. See 28 U.S.C. § 2244(d)(2); see, e.g., Amante v. Walker, 268 F.Supp.2d 154, 157 (E.D.N.Y. 2003). Thus, Petitioner had until July 13, 2005 to file the instant application. Petitioner's application, filed on January 27, 2005, is therefore timely and reviewable by this court.

### A. Insufficiency of the Evidence

Petitioner first argues that his conviction on the charge of First Degree Burglary was against the weight of the evidence. (Petition for a Writ of Habeas Corpus ("Petition") ¶ 3.) As the Government concedes, Petitioner's claim was procedurally exhausted because it was raised on direct appeal and the Appellate Division reviewed this claim on the merits. (Government's Brief in Opposition to Writ of Habeas Corpus ("Gov. Br.") at 10-11.) The Government argues, however, that this claim has been improperly raised in Petitioner's petition, since Petitioner uses the language "against the weight of the evidence" which is a state law claim, rather than the language of the federal claim of "insufficiency of the evidence." See Correa v. Duncan 172 F.Supp.2d 378, 381 (E.D.N.Y. 2001) (holding that a weight of the evidence claim is a "pure state law claim," and that the court was precluded from considering it on a petition for habeas corpus).

However, because the underlying issue – whether the jury's acquittal on the weapons possession counts undermines its finding of guilt on the first degree burglary charge – may be addressed from either a weight of the evidence of sufficiency of the evidence standard, this court will nevertheless review Petitioner's claim on the merits as if it were a sufficiency of the evidence claim, which "is based on federal due process principles." See Cisneros v. Greene, No. 05 Civ. 439 (GEL), 2005 U.S. Dist. LEXIS 8903 (S.D.N.Y. May 6, 2005); see generally Lemons

5

v. Porter, No. 01 Civ. 9366 (LBS), 2002 U.S. Dist. LEXIS 7970 (S.D.N.Y. May 2, 2002); McBride v. Senkowski, No. 98 Civ. 8663 (MBM), 2002 U.S. Dist. LEXIS 5929 (S.D.N.Y. April 8, 2002).

Petitioner argues that his acquittal on all weapons possession counts implies that the jury found the evidence to show that he was carrying a cigarette lighter shaped like a gun and not an actual weapon at the time of the offense. (Petition ¶ 3.) He further contends that the use of an actual weapon is an essential element to the crime of first degree burglary. (Id.)

According to New York State law:

> A person is guilty of burglary in the first degree when he knowingly enters or remains unlawfully in a dwelling with the intent to commit a crime therein, and when in effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the crime . . . displays *what appears to be* a pistol, revolver, rifle, shotgun, machine gun, or other firearm; except that . . . it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun, or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged.

Penal Law § 140.30 (emphasis added). Because Petitioner did not raise the affirmative defense that his weapon was not an actual gun capable of firing, this matter was not before the jury for consideration.[1] Therefore, in order for the jury to have properly convicted Petitioner of first degree burglary, the Government had to present evidence beyond a reasonable doubt that he: 1) knowingly entered or remained unlawfully in a dwelling with the intent to commit a crime therein; and, 2) displayed what appeared to be a gun while in the dwelling. See id.

---

[1] Petitioner has not challenged the effectiveness of his trial counsel in his petition. In any event, it bears noting that Petitioner's defense at trial was that he was an innocent bystander to the events in the apartment. (Attias Decl. at Ex. D.) The affirmative defense to first degree burglary, then, would have been at odds with such a defense.

6

The federal standard of review for a due process claim that a verdict lacks sufficiency of the evidence is "whether there was sufficient evidence to justify a rational trier of the facts to find guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 313 (1979). The Supreme Court has clearly held that the prosecution at trial need not have disproved all other theories of the case in order to sustain a conviction. Id. at 326.

In Petitioner's case, there was testimony from three of the victims that Petitioner was carrying what appeared to be a gun, and testimony by the arresting officers that there was a cigarette lighter shaped like a gun within several feet of where the Petitioner was apprehended, in addition to a real handgun found in another room of the apartment. There was also evidence that Petitioner acted in concert with an accomplice to bind the victims and hit one over the head with what appeared to be a gun. Because a rational trier of fact could have been able to reach the verdict of guilt based upon this evidence, the state court properly concluded that the verdict was supported by sufficient evidence. See id. at 313.

### B. Merger and Excessive Sentence Claims

Petitioner next asserts that his conviction for Unlawful Imprisonment should be vacated under the "merger doctrine," and that his sentence is excessive. (Petition ¶ 3.) The Government argues that Petitioner's claims of merger and excessive sentence are not exhausted because even though they were raised on direct appeal in state court, they were not raised in constitutional terms, and therefore the state was not alerted to the federal nature of the claims. (Gov. Br. at 11.) The Government further asserts that these claims are procedurally barred. (Id.) Petitioner has already utilized his one allotted direct appeal in state court, (see N.Y. Court Rules § 500.10(a)), and he is unable to raise these claims in constitutional terms through a post-conviction motion

because the claims relate to matters appearing in the trial record. See C.P.L. § 440.10(2)(c) (stating that the state court must deny a motion to vacate judgment when a defendant fails to appeal an issue for which "sufficient facts appear on the record" for an adequate review of the issue).

The Second Circuit has held that one of the ways that a "state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution" is to allege "a pattern of facts that is well within the mainstream of constitutional litigation." Daye v. Attorney General of State of New York, 696 F.2d 186, 194 (2d Cir. 1982). In raising the claims of merger and excessive sentence in the Appellate Division, Petitioner arguably alerted the court to the constitutional claims of double jeopardy and cruel and unusual punishment. For this reason, I will address these claims on the merits under the AEDPA standard of review.

### 1. Merger

Petitioner argues that his conviction of unlawful imprisonment should have merged with his convictions of robbery and burglary under Article 135 of the New York Penal Law. (Petition ¶ 13.) New York State law allows for the merger of unlawful imprisonment with underlying offenses, and this court may not consider whether or not the state court properly applied the state law. To the extent that Petitioner alleges that the charges and convictions stemming from the one series of events are multiplicitous and violate the Double Jeopardy Clause, his claim is meritless. The Double Jeopardy Clause "applies both to successive punishments and to successive prosecutions for the same criminal offense." United States v. Dixon, 509 U.S. 688, 696 (1993). Here, Petitioner was convicted in a single trial of Burglary in the First Degree, the lesser-included

offense of Burglary in the Second Degree, and Robbery in the Second Degree, and was sentenced to concurrent prison terms. Therefore, Petitioner was neither punished more than once nor successively prosecuted for the same offense, and, accordingly, violation of the Double Jeopardy Clause has not resulted.

### 2. Excessive Sentence

According to the Second Circuit, "[i]t is well settled that a sentence imposed within the limits of a statute cannot amount to cruel and unusual punishment, and that when a statute provides for punishment thought to be violative of the amendment the constitutionality of the statute itself must be attacked." United States v. Dawson, 400 F.2d 194 (2d Cir. 1968). Petitioner does not attack the constitutionality of the statute itself, nor had he in his applications before the state courts. Instead, he merely contends that the application of the statute as against him was excessive. Given the standard of review, however, his claim does not withstand scrutiny.

According to the New York Penal Law, Burglary in the First Degree is a class B felony. Penal Law § 140.30. New York law requires that "[f]or a class B felony, the term [of sentence] shall be fixed by the court, and shall not exceed twenty five years." Penal Law § 70.00(2)(b). Therefore, Petitioner's claim must be denied, as his sentence and does not exceed the statutory limitations and therefore does not qualify as cruel and unusual punishment.

### C. Ineffective Assistance of Appellate Counsel

In his reply brief, Petitioner asserts that his appellate counsel's failure to raise the claim of insufficiency of the evidence on direct appeal in state court constituted ineffective assistance of counsel. This claim has been procedurally exhausted in state court through a writ of error coram

nobis. Although not properly raised in Petitioner's application, this court will nevertheless address it on the merits to avoid any further proceedings on this matter.

The Sixth Amendment provides that a criminal defendant "shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. In order to prevail on a Sixth Amendment claim, a petitioner must prove that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." Id. at 694. Furthermore, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Strategic choices made by counsel after a thorough investigation of the facts and law are "virtually unchallengeable." Id. at 690.

Petitioner now argues that appellate counsel improperly argued that the conviction was against the weight of the evidence, and instead should have argued that the evidence was legally insufficient. (Petition ¶ 13.) As appellate counsel explained, and as detailed infra, because the affirmative defense to burglary had not been raised at trial, the evidence at trial had indeed been sufficient to support the jury's finding. Thus, appellate counsel's decision to argue that the evidence was against the weight of the evidence, rather than insufficient, was clearly strategic. Moreover, the Appellate Division nevertheless reached the issue of sufficiency in its decision and upheld the jury's verdict. See Fabian, 760 N.Y.S.2d at 871. There is consequently no "reasonable possibility" that, but for this alleged error, the result of Petitioner's appeal would

10

have been different. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

## III. Conclusion

For the reasons set forth above, Fabian's petition is hereby DENIED. No certificate of appealability shall issue. The Clerk of the Court is directed to close this case, and to mail a copy of this decision to the petitioner.

SO ORDERED.

Dated: April 23, 2007
      Brooklyn, NY

/signed/
_____
Nicholas G. Garaufis
United States District Judge